IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Colorado Civil Action No.: 13-cv-03295-REB-MJW

Rhode Island Civil Action No. 13-718-S-PAS

ALEX AND ANI, LLC,

      Plaintiff,

      v.

ELITE LEVEL CONSULTING, LLC and
TRAVIS BRODY.

      Defendants.

---

### PROTECTIVE ORDER CONCERNING SUBPOENAS ISSUED TO NONPARTIES ROXY, INC. AND FOONBERG  ( Docket No 2-1 )

Pursuant to FED. R. CIV. P. 26(c), the following Protective Order (the "Order") shall

govern the handling of discovery material, which shall consist of documents, depositions,

deposition exhibits, and any other information produced, given, or exchanged by and among the

Nonparties Roxy, Inc. and Michael David Foonberg (collectively referred to as the "Nonparties")

and Plaintiff with respect to the Subpoenas issued in the action pending in the United States

District Court for the District of Rhode Island captioned *Alex and Ani, LLC v. Elite Level*

*Consulting, LLC, et al.*, C.A. No. 13-718-S-PAS (the "Litigation").

### DEFINITIONS

1.      For purposes of this Order:

      a.      "Producing Party" shall mean:

            i.      any non-party that produces or discloses confidential or proprietary
                 information in the Litigation.

b.      "Reviewing Party" shall mean any person to whom information or materials are produced or disclosed in the Litigation.

c.      "Outside Counsel" shall mean outside law firms of record that have been retained by a party to act on behalf of that party in this action and provide advice in connection with this action, including attorneys, patents agents, law clerks, paralegals, assistants, and stenographic, clerical, and support employees of the respective law firms.

d.      "In-House Counsel" shall mean persons who are employees of a Party or a parent or subsidiary of a Party who are attorneys.

e.      "Designated Material" shall mean Material that is designated "CONFIDENTIAL" under this Order.

f.      "Confidential Information" shall include any information (regardless of how generated, stored, or maintained) or tangible things that the Producing Party would not normally reveal to third parties except in confidence and believes in good faith constitutes or embodies confidential, commercial, financial or other information (including matters that may have been disclosed to third parties who are not under obligations of confidentiality, but not to the public generally).

g.      "Protected Litigation Material" shall mean "Confidential Information," which a party has designated under paragraphs 2 through 4 below.

            i.      Protected Litigation Material does not include information that: (a) is or has become publicly available without the Reviewing Party's breach of any obligation owed to the disclosing party or non-party; (b) is or has become known to the Reviewing Party from a source other than the disclosing party (other than by breach of an obligation of confidentiality owed to the disclosing party); or (c) has been independently developed by the Reviewing Party.

## DESIGNATION AND MARKING OF
## PROTECTED LITIGATION MATERIAL BY PRODUCING PARTY

2.     A Producing Party shall designate, in whole or in part, any document, thing, or information (collectively, "Protected Litigation Material") which contains Confidential Information by affixing to it, where reasonably possible and in a manner that shall not interfere with its legibility, the words "CONFIDENTIAL" as appropriate.

3.     A Producing Party shall designate Protected Litigation Material, where practical by marking each page of a document, each separate part or component of a thing or each separate item of other information as "CONFIDENTIAL" as appropriate.  If it is not practical to so mark the material itself, a container for or tag attached to the material shall be so marked.

4.     Counsel for any Producing Party may designate a deposition or other testimony as Protected Litigation Material: (a) at the deposition, or (b) within ten (10) business days after receipt of a transcript of such testimony by sending to counsel for each party a written list of the specific portions as to which such status is claimed.  All deposition transcripts or recordings shall be treated as CONFIDENTIAL material until the expiration of (10) business days after receipt of the transcript by counsel and, if the aforesaid written list is sent to counsel, shall thereafter be treated as designated in such list.  If, during the course of a deposition, questions are to be asked or answered regarding Protected Litigation Material, Outside Counsel for any Producing Party may so designate the material, and then only persons entitled to access the material under the terms of this Order (including, if appropriate, the deponent's counsel in the case of a separately represented nonparty) shall be allowed to be present during such portion of the deposition.  A Producing Party that fails to designate a deposition or other testimony (or portions thereof) as Protected Litigation Material within the designated time period does not waive the right to so

designate at a later date.  If such a later designation occurs, there will be no penalty to a

Producing Party that disclosed the information after the ten (10) business days but before the

later designation occurred.

## ACCESS TO AND USE OF PROTECTED LITIGATION MATERIAL

5.      All material given or exchanged by and among the Producing Parties in

connection with this action shall be used solely for purposes of the preparation and trial of the

Litigation and any related appellate proceedings, and for no other purpose, including, without

limitation, any commercial or business purpose or any other litigation or administrative

proceeding, absent the prior written consent of the Producing Party (as hereinafter defined) or

leave of the Court.

6.      Access to Protected Litigation Material and any information obtained from such

material shall be restricted, subject to the limitations herein, to:

      a.      Outside Counsel;

      b.      In-House Counsel;

      c.      employees of the Reviewing Party to whom disclosure is reasonably necessary for the management, supervision, or oversight of this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached hereto;

      d.      Experts or technical advisors retained to testify at trial or consultants retained or engaged by a Party in preparation for trial (collectively, "Consultants") whose advice and consultation are being or will be used by a Party in connection with the prosecution or defense of this action, subject to the provisions of paragraph 8, including Consultant's staff and supporting and clerical personnel required to carry out functions assigned to them by such Consultant for the sole purpose of assisting counsel in the preparation of this case for trial;

      e.      witnesses at deposition and/or trial, provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Order;

      f.      The United States District Courts for the Districts of Colorado and Rhode Island and any appellate court with jurisdiction over any appeal from the Litigation

(collectively, the "Court"), and Court personnel assisting the Court in its adjudicative functions;

      g.    Stenographic reporters or video operators engaged by a Party for purposes of the Litigation, provided however that they have access to material so designated only to the extent necessary to perform their duties;

      h.    Outside photocopying, translation, document management and review, graphic designers, and exhibit preparation services engaged by a Party for the purposes of the Litigation, provided however that such employees have access to material so designated only to the extent necessary to perform their duties; and

      i.    Any person whom the Producing Party agrees in writing or on the record at a deposition may be shown the material.

    7.    No Protected Litigation Material shall be disclosed to any Consultant until after the expiration of (10) business days, commencing with the service by facsimile or electronic mail ("e-mail") upon counsel of record of the notice.  If any Producing Party objects to the disclosure of Protected Litigation Material to that person within the ten (10) business day period, no such disclosure of Protected Litigation Material shall be made to that person without prior approval of the Court or the objecting Party.  Any objection shall be in writing and state with particularity the basis for the objection. Although the objecting Party shall have the ultimate burden of showing why that person should not have access to Protected Litigation Material, the Party seeking to disclose such information shall have the initial burden of moving the Court for permission to disclose information to such person.  Pending resolution of any such motion, no disclosure of Protected Litigation Material shall be made to that person.

    8.    Notwithstanding any designation of Protected Litigation Material, nothing in this Order shall prevent any Producing Party from using or disclosing its own Protected Litigation Material as it deems appropriate.  Nothing herein shall bar a Party from the unrestricted use of any document or information obtained from public sources or available through public sources.

## FILING AND HANDLING OF PROTECTED LITIGATION MATERIAL

9.      Counsel and all other persons to whom Protected Litigation Material is disclosed pursuant to this Order are responsible for employing reasonable measures to control access to and distribution of Protected Litigation Material and shall take reasonable and appropriate precautions to avoid inadvertent disclosure of the Protected Litigation Material. Each recipient of Protected Litigation Material shall maintain such material in a secure, safe area and shall exercise at least the same standard of care with respect to the storage and custody of such material as exercised by the recipient with respect to its own confidential or highly confidential material.

10.      In the event that any material or information designated as Protected Litigation Material is to be used in any court proceeding in connection with the Litigation, the Party that intends to use it shall take all steps reasonably required to protect its confidentiality during such use, subject to the Court's direction.

11.      If the Reviewing Party files any documents with the Court containing information designated by a Producing Party as Protected Litigation Material, it shall file such documents as Restricted Documents at the appropriate Restriction Level pursuant to the provisions of the local rules of the Court. *See D.C. Colo Civ R 7.2* All such materials so filed shall be released from restricted access only pursuant to the Court's direction.

12.      The parties shall instruct all court reporters employed by them in the Litigation that no copy of any transcript of any deposition taken by any Party which is designated in part or in whole as Protected Litigation Material shall be prepared for, or furnished by the reporter to, any person other than to counsel for the parties and the deponent or his or her counsel.

017096\0001\10883314.3

13.     When a Producing Party sends an email which includes or attaches Confidential Information, that Producing Party shall indicate prominently, in the subject line or at the beginning of the email, that the email contains or is itself Protected Litigation Material along with an indication of the name of the party whose Protected Litigation Material is involved. Similarly, when a Producing Party sends a letter containing or enclosing Protected Litigation Material, that Producing Party shall indicate prominently, in the subject line or at the beginning of the letter, that the letter contains or is itself Protected Litigation Material along with the name of the party whose Protected Litigation Material is involved.

## INADVERTENT FAILURE TO DESIGNATE

14.     The inadvertent or mistaken disclosure of any Protected Litigation Material by a Producing Party, without the designation required under Paragraphs 2 through 4 above, shall not constitute a waiver of any claim that the inadvertently disclosed material is entitled to protection under this Order, if such inadvertent or mistaken disclosure is brought to the attention of the Reviewing Party promptly after the Producing Party's discovery of such disclosure. Along with notice of inadvertent or mistaken disclosure, the Producing Party shall provide properly marked documents to each party to whom Protected Litigation Material was produced without proper designation; and, upon receipt of these properly marked documents, the Reviewing Party shall return to the Producing Party, or destroy, the improperly marked documents that were initially produced, along with any copies or duplicates thereof. The designation of materials as being Protected Litigation Material shall not be admissible in any proceeding as evidence that the material in fact contained confidential information.

## UNAUTHORIZED DISCLOSURE OF PROTECTED LITIGATION MATERIAL

15.     If Protected Litigation Material is disclosed to any person other than in a manner authorized by this Order, the person responsible for such disclosure shall upon discovery of the disclosure immediately inform outside litigation counsel of record for the Producing Party whose information is disclosed, shall inform counsel of all pertinent facts relating to such disclosure, and shall work in good faith with counsel to retrieve said information, including making every effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part and unauthorized use or disclosure on the part of the recipient of the material. Compliance with the foregoing shall not prevent the Producing Party whose Protected Litigation Material was disclosed from seeking further relief from the Court.

## CHALLENGES TO PROTECTED INFORMATION DESIGNATION

16.     The parties will use reasonable care when designating documents or information as "CONFIDENTIAL". Nothing in this Order shall be construed to prevent a Party to these actions from challenging at any time the designation of materials as Protected Litigation Material. Such a challenge shall be written, shall be served on counsel for the Producing Party and all other parties in the Litigation, and shall identify with particularity the documents or information that the Receiving Party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If agreement cannot be reached, pursuant to the Federal Rules of Civil Procedure, the Receiving Party shall request that the Court cancel or modify a "CONFIDENTIAL" designation. Notwithstanding any such dispute over any designation, including the filing of any related Motion, while any such dispute is ongoing, the Reviewing Party will maintain the confidentiality of the information consistent with

the other provisions of this Order until the issue is resolved by the Court or agreement is reached

with the Producing Party. In any court proceeding regarding the propriety of the designation of

Protected Litigation Material, the burden of proof with respect to whether information was

properly designated shall rest upon the designating Party.

## THIRD-PARTY REQUESTS

17.     If a Party, Outside Counsel, or Consultant in possession of Protected Litigation

Material receives a subpoena from a non-party to the Litigation, or becomes subject to a motion,

seeking production or other disclosure of Protected Litigation Material, telephonic and written

notice shall immediately be given to counsel for the Producing Party, identifying the Protected

Litigation Material sought and arranging for transmission of a copy of the subpoena or motion.

Where possible, notice shall be given at least ten (10) business days before production or other

disclosure. In no event, absent Court order, shall production or disclosure be made before notice

is given. Nothing contained herein shall be construed as requiring the Reviewing Party to seek

relief from such subpoena or to challenge or appeal any order of a court of competent jurisdiction

requiring production of Protected Litigation Material. In the event that a Producing Party elects

to seek further protection of its Protected Litigation Material, the Reviewing Party subject to the

subpoena shall reasonably cooperate with the Producing Party's efforts to do so.

## MISCELLANEOUS

18.     Nothing herein shall constitute: (a) an agreement to produce any documents or

supply any information or testimony in discovery not otherwise agreed upon or required to be

produced; (b) a waiver of any right to object to any discovery request in this or any other action;

or (c) a waiver of any claim of immunity or privilege with regard to any testimony, documents or information.

19.     Within sixty (60) days after the final termination of the Litigation, including all appeals, all persons subject to this Order shall destroy all documents containing Protected Litigation Material or shall return them to the Producing Party except that Outside Counsel may retain one copy for its file.

20.     Neither the termination of this lawsuit nor the termination of employment of any person with access to any Protected Litigation Material shall relieve such person from the obligation of maintaining the confidentiality of such information.

21.     This Order shall not prevent any party or non-party from applying to the Court for further or other protective orders or for modifications of this Order or from agreeing to modifications of this Order.  Any such agreed to modification shall be in writing, and signed by counsel on behalf of the parties.

22.     This Order shall remain in effect after the final determination of the Litigation, unless otherwise ordered by the Court.

Dated at Denver, Colorado, this ____9th____ day of December, 2013.

BY THE COURT

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Colorado Civil Action No.: _____

Rhode Island Civil Action No. 13-718-S-PAS

ALEX AND ANI, LLC,

      Plaintiff,

      v.

ELITE LEVEL CONSULTING, LLC and
TRAVIS BRODY.

      Defendants.

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], state:

1.  I reside at _____;

2.  My present employer is _____;

3.  My present occupation or job description is _____;

4.  I agree to keep confidential all information provided to me in the matter of *Alex and Ani, LLC v. Elite Level Consulting, LLC and Travis Brody*, Rhode Island Case No. 13-718-S-PAS, United States District Court, District of Colorado, and to be subject to the authority of that Court in the event of any violation or dispute related to this agreement.

5.  I have been informed of and have reviewed the Protective Order entered in this case, and I will not divulge any information, documents or things that are subject to the Protective Order except in accordance with the provisions of the Order;

6.  I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 2013 at _____.

Printed or typed name: _____

Signature: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Colorado Civil Action No.: _____

Rhode Island Civil Action No. 13-718-S-PAS

ALEX AND ANI, LLC,

      Plaintiff,

      v.

ELITE LEVEL CONSULTING, LLC and
TRAVIS BRODY.

      Defendants.

## CERTIFICATION OF CONSULTANT

I, _____ [print or type full name]

of _____, am not an

employee of the Party who retained me, or of a competitor of the opposing Party.  If at any time

after I execute this Certificate of Consultant and during the pendency of the Action I become an

employee of a competitor of the opposing Party, I will promptly inform the counsel for the party

who retained me in the Action, and I will not thereafter review any Designated Materials marked

by the opposing Party as "CONFIDENTIAL" unless and until the Parties agree or the Court orders

otherwise.

I state under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

Executed on _____, 2013 at _____.

Printed or typed name: _____

Signature: _____

017096\0001\10883314.3